UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHRISTOPHER GEORGE TAYLOR | CIVIL ACTION 1:16-CV-01033 |
| VERSUS | JUDGE TRIMBLE |
| UNITED STATES COMMISSIONER OF SOCIAL SECURITY | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

I. Background

Before the Court is a Sentence Four Motion for Remand (Doc. 19) filed by the United States Commissioner of Social Security ("the Commissioner").

Christopher George Taylor ("Taylor") filed an application for DIB and SSI in 2003, which was granted in part and denied in part by the SSA in June 2005 (Administrative Law Judge's decision) and February 2006 (Appeals Council). Taylor was found disabled and awarded SSI benefits from December 1, 2005. The Court affirmed the Commissioner's decision in Taylor v. Commissioner, 1:12-cv-1756 (W.D. La.). That decision was affirmed by the United States Court of Appeals for the Fifth Circuit.

Taylor filed a second application for DIB in October 2005. The Appeals Council remanded the case for reconsideration. In her 2006 decision, the ALJ consolidated both proceedings (Doc. 18-1, p. 60/387). The ALJ then awarded Taylor benefits as of October 1, 2004 (Doc. 18-1, p. 19/387).

On June 26, 2014, the SSA determined that Taylor was no longer disabled as of June 1, 2014 and terminated his benefits.

Taylor filed an appeal from the discontinuation of his social security benefits. Taylor's application was denied. Taylor filed this appeal for judicial review of the final decision of the Commissioner. The Commissioner then filed a Motion to Remand Pursuant to Sentence 6 of 42 U.S.C. § 405(g) (Doc. 9). The Commissioner contended she was unable to answer and produce a Certified Administrative Record because the record was incomplete and required reconstruction of a missing file. Taylor opposed that motion (Doc. 16), but it was granted with instructions to submit the reconstructed file on or before April 17, 2017 (Doc. 17).

The Commissioner timely filed the reconstructed file (Doc. 18). However, the Commissioner filed a Sentence 4 Motion for Remand, conceding her decision is not supported by substantial evidence (Doc. 19). The Commissioner contends the ALJ committed two reversible errors: (1) the ALJ only considered Taylor's entitlement to DIB and not his entitlement to SSI; and (2) the ALJ incorrectly relied on a vacated July 26, 2006 hearing decision as the "comparison point decision," when determining that Taylor's disability ceased as of June 1, 2014. The Commissioner contends the correct comparison point decision was a favorable decision issued in 2011 that was part of the missing file, which was reconstructed.

Taylor responded with his own reply and Motion for Remand (Doc. 26). Taylor also asks that the Social Security Administration reconstruct his complete social

security file, including his initial 2003 application for benefits and medical records dating back to 2001 (Doc. 26).

II.   Law and Analysis

   A.   The Commissioner's motion to remand should be granted.

In <u>Shalala v. Shaefer</u>, 509 U.S. 292, 296-7 (1993), the Supreme Court stated the exclusive methods by which district courts may remand to the Commissioner under sentence 4 and sentence 6 of 42 U.S.C. § 405(g):

> "[4] The district court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing."
>
> "[6] The court may, on motion of the Commissioner made for good cause shown before he files his answer, remand the case to the Commissioner for further action by the Commissioner, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based."

Immediate entry of judgment (as opposed to entry of judgment after post-remand agency proceedings have been completed and their results filed with the court) is the principal feature that distinguishes a sentence 4 remand from a sentence 6 remand. See <u>Shaefer</u>, 509 U.S. at 297; <u>see also</u> <u>Istre v. Apfel</u>, 208 F.3d 517 (5th Cir. 2000).

A sentence 6 remand may be ordered in only two situations: where the Commissioner, for good cause shown, requests a remand before answering the

complaint; or where new, material evidence is adduced that was, for good cause, not presented before the agency.  See Shaefer, 509 U.S. at 297 (citing Melkonyan v. Sullivan, 501 U.S. 89, 99-100 (1991)).  Pursuant to the sixth sentence of 42 U.S.C. § 405(g), the court may at any time order additional evidence to be taken before the Commissioner, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.  See Istre, 208 F,3d at 519; Bradley v. Bowen, 809 F.2d 1054, 1058 (5th Cir. 1987); Chaney v. Schweiker, 659 F.2d 676, 679 (5th Cir. 1981).

The Commissioner contends a sentence 4 remand is appropriate because: (1) an answer has been filed; (2) she seeks a reversal of her prior decision as well as a remand; and (3) she will re-evaluate Taylor's entitlement to benefits.

For those reasons, a sentence 4 remand is appropriate.  Accordingly, the Commissioner's motion to remand (Doc. 19) should be granted, the final decision of the Commissioner should be vacated, and the case should remanded pursuant to sentence 4 for further proceedings.

B. **Taylor's motion to supplement the record with his prior application should be denied.**

Taylor moves to supplement the record with his 2003 application and medical records dating back to 2001.

Although technically it is part of the administrative proceedings in this case, Taylor's 2003 application is not relevant to this action.  The sole issue in this case will be whether Taylor was still disabled in 2014, when his benefits were discontinued.

4

Therefore, Taylor's motion (Doc. 26) to add his 2003 application and medical records (dating back to 2001) to this administrative record should be denied.

III. <u>Conclusion</u>

Based on the foregoing, IT IS RECOMMENDED that the Commissioner's motion to remand (Doc. 19) be GRANTED, the final decision of the Commissioner be VACATED, and the case REMANDED, pursuant to the sentence 4 of 42 U.S.C. § 405(g), to the Commissioner for further proceedings, to specifically include: (1) reviewing the complete record; (2) evaluating whether there has been medical improvement using the correct January 13, 2011 comparison point decision; (3) holding another hearing; and (4) issuing a new decision addressing entitlement to both Title II DIB and Title XVI SSI benefits.

IT IS FURTHER RECOMMENDED that Taylor's motion (Doc. 26) to add his 2003 application and medical records (dating back to 2001) to this administrative record on remand should be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana on this 25th day of May, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge